No. 8263

First Circuit Appeal

KYLE MOTOR CAR CO., INC., v. FRANCOIS DANCAUSSE

(May 5, 1925, Opinion and Decree)
(June 30, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Sales—Par. 118, 119.
Where one gives an order for a new automobile to be delivered, he is not bound to accept the car delivered to him if it is not satisfactory upon trial, especially if the car appears to have been used.

2. Louisiana Digest—Damages—Par. 48.
Loss and damage to the party damaged must be minimized by reasonable efforts to that end. Therefore, one suing for the sales commission of an automobile which was not accepted by the purchaser should show what the automobile could have been sold for or was sold for, in order to minimize the loss and show what loss was sustained.

3. Louisiana Digest—Pleading—Par. 114; Brokers—Par. 22.
One who sues for a commission for the sale of an automobile must allege an agreement under which he is entitled to the commission.

4. Louisiana Digest—Brokers—Par. 15.
The sale of an automobile must be complete before the agent or broker can claim a commission.

Appeal from the Nineteenth Judicial District, Parish of Iberia, Hon. James Simon, Judge.

This is a suit to recover a commission on the sale of an automobile. The defense is that the automobile is not up to agreement.

There was judgment for defendant and plaintiff appealed.

James R. Parkerson, of New Orleans, attorney for plaintiff, appellant.

Porteous R. Burke, of New Iberia, attorney for defendant, appellee.

ELLIOTT, J. Kyle Motor Car Company, Inc., plaintiff, claims of Francois Dancausse, defendant, five hundred and fifty dollars with interest on account of the loss of a commission on the sale of a Studebaker automobile which plaintiff alleges that it sold to defendant for the price and sum of $2100.00 pursuant to written order signed by defendant and which defendant refused to pay for. Alleges that defendant accepted the automobile but afterwards, the same night, he left it at plaintiff's garage in the town of New Iberia and the next morning informed plaintiff that it was not up to

the agreement entered into and refused to carry out the agreement.

Plaintiff's cause of action as set forth in its petition, Article 7, is that by reason of defendant's failure to carry out his agreement and accept the Studebaker car, deliver his old car and pay $1500.00 cash as agreed, that plaintiff has suffered the loss of the commission on said Studebaker car, which amounts to $550.00.

Defendant for answer admits that he signed an order for a Studebaker car for the price stated by plaintiff, but avers that it was to be a new car, 1924 model; that without such consideration he would not have given the order. That plaintiff's representations and warranties that it would be a new car constituted the consideration for the order and formed part of the transaction. He denied that the car tendered to him was new and alleges that when he discovered it was not new he declined to accept it and gave plaintiff notice accordingly; denies owing plaintiff and prays that its demand be rejected.

The district judge, without stating reasons, rejected plaintiff's demand and the plaintiff has appealed.

### OPINION

The petition, Article 4, alleges that defendant accepted the car and in Article 7 that he failed to accept.

Mr. Gaiennie, who represented plaintiff in the transaction with defendant, testified as alleged in its petition.

The defendant, Dancausse, testified that he did not accept the automobile; that his order had reference to a new car and that the one tendered him did not appear to be new but appeared to have been used, and that when tried on the road it made a rattling noise which a new car should not have made. He produced two witnesses who corroborated him that the tires appeared to have been used more than in a run from New Orleans to Franklin, that the top of the car did not appear to set right, and that the car when tried on the road made a rattling noise; but the testimony on the question leaves the matter in doubt.

Defendant testified without objection, transcript, pp. 40 and 41, that he did not in fact, the order signed by him notwithstanding, unconditionally agree to buy the automobile; that the agreement was, if after seeing the car, he did not like it, that he was not bound to take it. And said that he saw and tried it, did not like it, and notified Kyle Motor Car Co. that he did not want it and would not take it. The order contains no such condition and Mr. Gaiennie says there was none. With the above defenses, another is urged from the record which must be taken into account.

The amount claimed from defendant is on account of the loss of a commission on the sale of an automobile, Studebaker make, amounting to $550.00. Fred Perkins, president of Capital City Auto Co. of New Orleans, and F. J. Gaiennie, vice-president, sales manager of Kyle Motor Car Co., both state that Kyle Motor Car Co. sent defendant's order to Capital City Auto Co. to be filled. That Capital City Auto Co. filled it by selling and delivering the car to McCarroll Motor Car Co. of New Orleans, with a branch office at Franklin, and that McCarroll Motor Car Co. delivered it to Kyle Motor Car Co.

Mr. Gaiennie testifies that McCarroll Motor Car Co. and Kyle Motor Car Co. are separate and distinct but closely affiliated corporations, Mr. McCarroll being the general manager of both. The evidence shows that Kyle Motor Car Co. obtained the car and tendered it to defendant as above stated; plaintiff claims that it was delivered, but that Mr. Dancausse returned

it the same night to Kyle Motor Car Co. and that Kyle Motor Car Co. a couple of weeks afterwards sent it back to Franklin and left it with McCarroll Motor Car Co. and that McCarroll Motor Car Co. has had it ever since.

Mr. Gaiennie was asked who owned it and first said that it belonged to Kyle Motor Car Co., transcript p. 31, but almost immediately afterwards, transcript pp. 32, 35, 36, said he did not know whether it was carried as an asset of Kyle Motor Car Co. or of McCarroll Motor Car Co., and that so far as he knew it had not been sold and that no effort had been made to sell it since its return by Mr. Dancausse. It is well established that loss and damages must be minimized by reasonable efforts to that end. Consequently it appears that even if plaintiff's petition be true, averments Nos. 3, 5, 7, 8, the automobile should have been sold to the best advantage and the commission earned by plaintiff, if any, would ordinarily and in the absence of reasons preventing, be applicable against loss by the act of defendant, even supposing defendant to have wrongly refused to take the car.

Then again if, as the petition, Articles 3, 4, 5, 7, avers, plaintiff, pursuant to defendant's order, procured and delivered to him an automobile as per order and defendant returned it that night and the next morning notified plaintiff that it was not up to the agreement and that he would not turn over his old car nor pay the balance of the purchase price, does not appear to justify a suit, the object of which appears to be to disregard defendant's contention that the automobile was not up to the agreement and collect a commission from him anyhow; because to be entitled to a commission implies that plaintiff must have acted in the transaction with defendant as an agent or broker. If so, an action on part of plaintiff looking to the collection of a commission from defendant, independent of the price of the car and without reckoning with the other party who employed plaintiff, cannot be approved because in the absence of the other party and of any reckoning in regard to the price, $2100.00, we cannot safely determine that plaintiff is entitled to a commission nor the amount thereof, even if satisfied that he had earned such. And, in connection with the above, we observe that plaintiff does not allege an agreement, see C. C., Art. 2991, nor show such by evidence on the subject of the commission claimed. And the claim is for a lump sum, but whether as an agreement to that effect, or as an arbitrary quantum meruit without reference to and independent of the balance of the price and of its principal, or the other party, if as broker, the record does not show. As a general rule a sale must be completed before an agent or broker effecting it can claim a commission for his service in the matter. We conclude upon the whole case that the judgment appealed from is correct and should therefore be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed; that the appellant pay the cost of both courts.